USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/03/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
GLADYS GREEN,                                    :
                                                 :
                                    Plaintiff,   :          22-CV-3554 (VEC)
                                                 :
                  -against-                      :          ORDER ADOPTING
                                                 :          REPORT &
COMMISSIONER OF SOCIAL SECURITY,                 :          RECOMMENDATION
                                                 :
                                    Defendant.   :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 3, 2022, Plaintiff Gladys Green filed a complaint against the

Commissioner of Social Security (the "Commissioner"), seeking review of the Social Security

Administration's denial of her application for supplemental security income, *see* Compl., Dkt. 1;

WHEREAS on May 4, 2022, the Court referred this case to Magistrate Judge Stewart D.

Aaron for general pretrial management and for the preparation of reports and recommendations

("R&Rs") on any dispositive motions, *see* Referral Order, Dkt. 5;

WHEREAS on September 30, 2022, the Commissioner moved for judgment on the

pleadings, *see* Comm'r Not. of Mot., Dkt. 12;

WHEREAS on December 7, 2022, Plaintiff cross-moved for judgment on the pleadings,

*see* Pl. Not. of Mot., Dkt. 20;

WHEREAS on March 17, 2023, the referral in this matter was reassigned from

Magistrate Judge Aaron to Magistrate Judge Gary Jones, *see* Mar. 17, 2023 Reassignment

Notice;

WHEREAS on May 22, 2023, Magistrate Judge Jones entered an R&R recommending that Plaintiff's motion be granted, the Commissioner's motion be denied, and that the case be remanded to the Commissioner for further proceedings, *see* R&R, Dkt. 29;

WHEREAS in the R&R, Judge Jones notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 26;

WHEREAS Judge Jones further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the well-reasoned R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full, Plaintiff's motion for judgment on the pleadings is GRANTED, the Commissioner's cross-motion for judgment on the

pleadings is DENIED, and this case is REMANDED to the Commissioner for additional proceedings.

IT IS FURTHER ORDERED that, for the reasons discussed in the R&R, on remand, the Administrative Law Judge (the "ALJ") is respectfully directed:

(1) to address whether the evidence, including Plaintiff's intellectual deficits (considered singly or in combination with other evidence), meets the criteria for an intellectual disorder under 20 C.F.R. Part 404, Subpart P, App. 1 § 12.05;

(2) to determine whether there is any conflict between the vocational expert's opinion that Plaintiff could perform a significant number of jobs in the national economy and the Dictionary of Occupational Titles, *see* 20 C.F.R. § 404.1566(d); and

(3) to conclude the administrative proceedings within 120 days of remand; if the decision denies Plaintiff benefits, the Commissioner must render a final decision within 60 days of Plaintiff's appeal.

IT IS FURTHER ORDERED that because the R&R gave the parties adequate warning, *see* R&R at 26, the failure to file any objections to the R&R precludes appellate review of this decision.  *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).

The Clerk of Court is respectfully directed to enter judgment and to remand this matter to the Commissioner.  The Clerk of Court is further directed to terminate all open motions and to close this case.

**SO ORDERED.**

**Date:  July 3, 2023**
      **New York, New York**

                                      **VALERIE CAPRONI**
                                 **United States District Judge**